NO. 8811

COURT OF APPEAL

PARISH OF ORLEANS

**8811**

--------

DAVID VICTOR COHN

versus

KAUFMAN & FLONACHER.

----------

Court of Appeal
PARISH OF ORLEANS
FEB 2/19/23
D. Stansbury

8811

155

Dinkelspiel; J.

Plaintiff institutes this suit, alleging that defendants kxxkndxs are indebted to him for the following items:

| | |
|---|---:|
| Wages commencing Dec. 17 to December 23 | $ 100.00 |
| Five days starting Nov. 21 | 83.30 |
| Wages from Dec. 26 and 27 under act | 33.33 |
| Dec. 24th | 16.65 |
| Railroad fare back to New York | 68.00 |
| Making a total of | $ 301.28 |

One dollar and twenty eight cents is remitted in order to bring it within the jurisdiction of the Court.

Defendant answers substantially admitting that plaintiff was employed by them at an agreed wage of One Hundred Dollars a xxk week and that he worked during the week beginning December 17th, 1921, and ending December 23rd, same year; admit they refused to pay him the sum of One Hundred Dollars because he left their employ without serious ground of complaint or any reason whatsoever and that being paid by the week he is not entitled to recover for one day without performing services of said week; denies wages claimed by plaintiff for work said to have been done in New York for the reason that plaintiff's employment only commenced with his work in the city of New Orleans; they further aver that plaintiff under an agreement was to work for six weeks on trial to see if his services were satisfactory to defendants, and that his transportation from New York to this city was paid by defendant under the agreement, and the agreement to pay the transportation back to New York was conditioned on plaintiff remaining in their kx employment for six weeks; that instead of so doing plaintiff without cause or serious ground of complaint, quit his employment and refused to work after December 24th, 1921. Averring further that they offered to pay and tendered to plaintiff One Hundred Dollars for his services for the week ending December 23rd, less the transportation paid by them from New York, to wit, Seventy Dollars, and also offered to pay him $16.66 for December 24th, 1921, which offer was refused, and they now renew said

offer and tender.

Subsequently an amended answer was filed by defendant, averring substantially that plaintiff before he quite his employment, deliberately and willfully destroyed what is known as two drafts and one trial pattern which were the property of defendant and which designs had been made by plaintiff for defendant whilst in their employ, and the value of said ~~patternxxxuox~~ patterns amounted to $166.00, for which they prayed judgment in reonvention.

On these issues the parties went to trial.

It appears from an examination of this record that plaintiff applied for the position of designer in defendants' establishment, answering an advertisement which appeared in a New York paper. There is a great deal of correspondence in this record as to this employment, but we gather that it finally terminated in plaintiff's employment by defendants, at a salary of One Hundred Dollars a week, and that the conditions expressed by plaintiff in his letter of the 29th of October, 1921, addressed to the defendant, stated fully the drift of the correspondence, and we quote from the letter, addressed to the defendant, the following:

#Replying to your letter of the 25th inst. in reference to designer's position, beg to inform you that after giving your proposition careful consideration, have come to the conclusion that I would accept same if you would be willing to pay Fifty Two Hundred Dollars for first year, giving you a six weeks' trial, after which you will be in a position to know whether I am fit for the job and if satisfied to draw up a little contract".

Again, plaintiff writing to defendant:

"Replying your letter of the 8th inst. and read with interest;your proposition is perfectly satisfactory to me and can assure you I will give the concern all that is in me. As

you have made no mention regarding transportation, I beg to inform you that I will have to get my transportation both ways guaranteed, and as soon as I receive same also with instructions how to travel the shortest way, I will sever all my connections in the city, which will take me a few days and be ready.

Anticipating an early reply, I am,

Respectfully yours,"

It appears from the evidence that the transportation from New York to the city of New Orleans, amounted to $70.33, was furnished to plaintiff, he arrived in due course and took charge of the position being given every facility in defendant's establishment to work. It appears from the evidence, without quoting it either for plaintiff or defendant, that after being in the city for a little while, from time to time plaintiff made various and divers requests of defendant, which were given to him, but after several weeks of work performed by plaintiff he became totally dissatisfied and gave various reasons therefor to the effect that he did not like the life in the city of New Orleans, did not wish to move from New York. All requests made by him were complied with by the defendants, but notwithstanding that he was perfectly satisfied with a contract drawn up at his request, containing all that he had asked for, he declined, after keeping the document for a while, to sign same; it being gathered from this record, that he was not dissatisfied, not with the work nor with the people that he met, nor with the actions of the defendants, but because for the reasons heretofore stated he did not wish to remain in New Orleans, and he worked only for three weeks, when he finally abandoned his work and demanded his return fare to New York. During these demands, defendants suggested, as they were finan-

cially responsible and could respond to any judgment, that plaintiff might get against them, they wanted some security in some shape which would protect them in some way against plaintiff's repeated demands. To this request plaintiff complied by depositing with the defendants, the sum of One Hundred Dollars in cash, thus showing that up to this time he was in perfect accord with his employers and that there was no differences between them at all, but refused to sign the contract without stating any reasons therefor, and within a few weeks after his arrival in the city of New Orleans, he suddenly and without any notice to the defendants whatsoever in person, but through many of their employees, determined to quite and did quit the employment for no other reasons save and except those heretofore stated.

It would serve no useful purpose to go through this record any further. We have carefully examined it and we have come to the conclusion that the Judge of the Court aquo who saw and heard these witnesses and who had a better opportunity from the manner in which they testified, in seeing and hearing them, than we have to decide this case, and who allowed plaintiff the sum of $46.16, dismissing the reconventional demand of defendants, that the judgment was correct in every particular.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed, plaintiff to pay costs of both Courts.

Judgment affirmed.